MURDOCK, Justice
(concurring specially).
I concur with the decision of this Court to deny the petition in this case. I write separately to explain my disagreement with the rationale employed by the Court of Civil Appeals as to one of the several issues presented to that court.
First, I note my agreement with the conclusion of the Court of Civil Appeals as to the primary issue presented, i.e., the intent of the legislature as to the retroac-tivity of § 40-23-62(1), Ala.Code 1975, as amended by Act No. 97-301, Ala. Acts 1997, which provides in § 3 that it shall be “retroactively effective.” I also agree with the reasoning employed by the Court of Civil Appeals to reach that conclusion. Further, I agree with the result reached by the Court of Civil Appeals, as well as its reasoning, as to the disallowance of the retroactive failure-to-file penalties.
As to the issue of notification of the attorney general, however, I disagree with the notion expressed in the opinion of the Court of Civil Appeals that the constitutional challenge advanced by IEC Arab Alabama, Inc., is an “as applied” challenge and not a “facial” challenge. If we were to decide in this case (in agreement with the position of the Alabama Department of Revenue) that the meaning of the statute was to allow unlimited retroactive assessments (thus allowing a retroactive application for the seven years at issue here), that would be the facial meaning of the statute and it would be this facial meaning that IEC would be challenging as unconstitutional. The fact that the Court of Civil Appeals rejected the Department’s position as to the facial meaning of the statute *380 does not mean that IEC’s challenge would not have been facial in nature; it simply means that that challenge is moot. The result reached is the same, however, and I therefore concur in denying the petition.